[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Date of Sentence March 28, 1991 Date of Application March 28, 1991 Date Application Filed April 12, 1991 Date of Decision March 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, G.A. 17. Docket No. CR89-67910;
Paul Zagorsky, Esq., Defense Counsel, for Petitioner.
Stephen Preleski, Esq., Assistant State's Attorney, for the State. CT Page 3666
BY THE DIVISION
After trial by jury petitioner was convicted of three counts of sexual assault in the first degree in violation of General Statutes 53a-70(a); three counts of sexual assault in the second degree in violation of General Statutes 53a-71(a)(1); two of counts of risk of injury to a minor in violation of General Statutes 53a-21 and, promoting a minor in an obscene performance in violation of General Statutes 53a-196b(a).
As a consequence of the above convictions petitioner was sentenced as follows: Sexual assault in the first degree, fourteen years, execution suspended after seven years; sexual assault in the first degree, eighteen years, execution suspended after fifteen years, consecutive to count one; sexual assault in the first degree, fourteen years, execution suspended after seven years, consecutive to counts one and two; sexual assault in the second degree, nine years, execution suspended after seven years, concurrent with counts one, two and three; sexual assault in the second degree, nine years, execution suspended after seven years, concurrent with counts one, two, three and four; sexual assault in the second degree, nine years, execution suspended after eight years, concurrent with counts one, two, three, four and five; risk of injury to a minor, nine years, execution suspended after seven years, concurrent with counts one, two, three, four, five and six; risk of injury to a minor, nine years, execution suspended after eight years, concurrent with counts one, two, three, four, five, six and seven; promoting a minor in an obscene performance, unconditional discharge. The total effective sentence was forty-six years, execution suspended after twenty-nine years, five years probation on each count.
Petitioner's conviction resulted from evidence that he engaged in sexual activities with his stepdaughters ages nine and eleven. The sexual relations always occurred while petitioner's wife, the mother of the children, was out of the home. The victims reported a variety of sexual relations with their stepfather including vaginal intercourse, CT Page 3667 cunnilingus, digital sex and fellatio with the eleven year old victim and anal intercourse with the nine year old victim. In addition, a variety of photographs taken by petitioner were revealed in which the eleven year old victim was posed in a variety of sexually suggestive poses wearing only a long black T-shirt. The victims were also exposed to pornographic material revealing people engaged in a variety of sexually explicit acts. Petitioner has consistently denied his involvement in these activities and claims that he never engaged in any sexual relations with the victims or any other children.
At the hearing on this petition, the attorney for the petitioner claimed that the sentence was inappropriate and should be reduced. The attorney stated that petitioner was now fifty years of age and had no prior criminal record. The attorney also stated that petitioner had serious health problems and that the sentence imposed was an effective life sentence. It was also pointed out that petitioner had only a sixth grade education and had certain other academic deficiencies. Despite this, petitioner had always been fully employed often working two jobs. The attorney argued that prior to trial petitioner had engaged in counselling and, that if released now, he would have no access to the children. It was further argued that under the circumstances petitioner would not be a danger to the children or the community and, therefore, the sentence should be reduced. Petitioner declined to speak on his own behalf.
The state's attorney argued against any reduction. He stated that the presentence investigation does not accurately reflect the seriousness of the crimes. He stated that the offenses consisted of repeated assaults on the children and that petitioner has never shown any remorse for his actions. It was stated that the petitioner blames the victims for the crimes. The state's attorney argued that the sentencing judge carefully evaluated each offense and imposed sentences directly related to each separate crime.
A review of the remarks made by the sentencing judge at the time sentences were imposed indicates that he carefully evaluated the evidence and related the sentences to the various offenses for which petitioner had been convicted. In reviewing a sentence this division must give great weight to the reasoning of the sentencing judge who had an CT Page 3668 opportunity to hear the evidence and observe the petitioner and the witnesses at first hand during the trial. Crimes of the type which petitioner has been convicted of involve a breach of trust and have serious and long lasting effect on the victims. In imposing sentence the court has a duty to protect the public from crimes of this nature.
Considering all of the facts it cannot be found that the sentence is inappropriate or disproportionate in light of the nature of the offense, the character of the offender and the necessity to protect the public interest and deter others from such offenses.
The sentence is affirmed.
Purtill, J., Klaczak, J. and Miano, J. participated in this decision.